UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

IN THE MATTER OF: )
)
DENNIS EUGENE SEKEMA ) CASE NO. 14-40145
JAMIE MARIE SEKEMA )
)
    Debtors )

**<u>DECISION REGARDING SANCTIONS</u>**

On   January 7, 2015.

"A deluge has swept through U.S. bankruptcy courts of late. Consumer debt buyers – armed with hundreds of delinquent accounts purchased from creditors – are filing proofs of claim on debts deemed unenforceable under state statutes of limitations." <u>Crawford v. LVNV Funding, LLC</u>, 758 F.3d 1254, 1255 (11th Cir. 2014). This case is part of that problem.

Debtors filed a petition for relief under chapter 13 on March 24, 2014. Jefferson Capital Systems, LLC and Resurgent Capital Services (on behalf of LVNV Funding, LLC) each filed a proof of claim. Jefferson Capital's claim indicated that it had been acquired from Fingerhut and had been charged off on May 11, 2001, which was also the date of the last transaction.[1] The Resurgent/LVNV claim stated it had been acquired from Sears National Bank and was charged off on December 27, 1998.[2] The debtors objected to both claims as barred by Indiana's 6-year statute of limitations. <u>See</u>, I.C. 34-11-2-9. Despite being served with the objection and notice of the opportunity to respond, neither creditor filed a response; the objections were sustained and both claims were denied. <u>See</u>,

---

[1] The claim did not provide information concerning the date of the last payment. <u>See</u>, Fed. R. Bankr. P. Rule 3001(c)(3)(A)(iv).

[2] The claim did not provide information concerning the date of the last payment or the last transaction. <u>See</u>, Fed. R. Bankr. P. Rule 3001(c)(3)(A)(iii, iv).

11 U.S.C. § 502(b)(1) (claim unenforceable against the debtor); Orders Sustaining Objection to Claim, dated Sept. 21, 2014. The court, on its own initiative, subsequently issued orders to show cause and a notice of hearing, directed to each claimant, to consider whether the claims violated Rule 9011(b)(2) of the Federal Rules Bankruptcy Procedure, due to the failure to conduct a reasonable pre-filing inquiry. See, Orders to Show Cause, dated Oct. 21, 2014. Once again, despite having been served, neither claimant responded to the order to show cause or attended the scheduled hearing. The question of sanctions was then taken under advisement.

Rule 9011 is the bankruptcy equivalent of Rule 11 of the Federal Rules of Civil Procedure. Anyone who presents ("whether by signing, filing, submitting or later advocating") a particular position to the court ("a petition, pleading, written motion, or other paper") has an affirmative obligation to conduct a reasonable investigation into both the law and the facts before doing so and that inquiry must lead to the conclusion that the presenter's position is warranted by existing law or a non-frivolous argument. See, Fed. R. Bankr. P. Rule 9011(b)(2). See also, Frantz v. United States Powerlifting Federation, 836 F.2d 1063, 1064 (7th Cir. 1987); Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750, 751 (7th Cir. 1988); McGhee v. Sanilac County, 934 F.2d 89, 93 (6th Cir. 1991); Slater v. Skyhawk Transp., Inc., 187 F.R.D. 211, 220 (D.N.J. 1999); Terminix Int'l Co. v. Kay, 150 F.R.D. 532, 538 (E.D. Pa. 1993). This duty extends not just to the position being advanced but also to "whether any obvious affirmative defenses bar the case." Matter of Excello Press, Inc., 967 F.2d 1109, 1112-13 (7th Cir. 1992) (quoting White v. General Motors Corp., Inc., 908 F.2d 675, 682 (10th Cir. 1990) cert. denied, 498 U.S. 1069, 111 S.Ct. 78 8 (1991) (emphasis added)). See also, F.D.I.C. v. Calhoun, 34 F.3d 1291, 1299 (5th Cir. 1994); Matter of Leeds Bldg. Products, Inc., 181 B.R. 1006, 1010 (Bankr. N.D. Ga.1995).

A proof of claim is no different from any other matter presented to the bankruptcy court. They too are subject to Rule 9011 and sanctions may be imposed for filing claims in violation of the rule's requirements.  See, In re Cassell, 254 B.R. 687, 691 (6th Cir. BAP 2000) ("Proofs of claim must meet the standards of [Rule 9011]"); In re Rogers, 391 B.R. 317, 323 (Bankr. M.D. La. 2008) ("Bankruptcy Rule 9011 can be used to sanction a creditor that files a proof of claim without proper prefiling investigation and support, or that otherwise violates Rule 9011." (collecting cases)); In re Dansereau, 274 B.R. 686, 688-89 (Bankr. W.D. Tex. 2002); In re Knox, 237 B.R. 687, 697 (Bankr. N.D. Ill. 1999).  See also, Adair v. Sherman, 230 F.3d 890, 895 n.8 (7th Cir. 2000) ("debtors facing fraudulent proofs claim should seek sanctions under [Rule 9011(b)].").

Whether or not the obligations imposed by Rule 11 have been fulfilled "is an objective determination."  Brown v. Federation of State Medical Boards of the U.S., 830 F.2d 1429, 1435 (7th Cir. 1987).  See also, In re Ronco, 838 F.2d 212, 217 (7th Cir. 1988) ("litigation must be grounded in an objectively reasonable view of the facts and the law").  The investigation it requires does not have to be exhaustive, simply "reasonable under the circumstances."  Furthermore, the duty to investigate defenses does not extend to every defense that could be possibly be asserted, but only to those that are "obvious."  Consequently, the court must undertake an objective inquiry into the obviousness of the debtors' statute of limitations defenses to the claims filed by Resurgent/LVNV and Jefferson Capital and whether those claimants undertook a reasonable investigation into that issue before filing the claims.

Debtors' statute of limitations defense to both claims was blindingly obvious.  It does not take a rocket scientist to figure out that December1998 (the Jefferson Capital claim charge off date) or May 2001 (the Resurgent/LVNV claim charge off date) are well beyond six years before the

3

March 2014 date the debtors filed this case. A third grader could do the math. Moreover, coming to the conclusion that the claims might be time-barred did not require either claimant to look beyond the information it already possessed. See, Leeds Bldg. Products, 181 B.R. at 1010 (defense is obvious when it needs no discovery to establish); Excello Press, 967 F. 2d at 1113-15 (reasonable pre-filing investigation into defenses does not require pre-filing discovery of information beyond filer's control). They provided it themselves when they completed the required claim form, before it was ever filed. Under these circumstances, neither filer could proceed further without doing something to inquire into that defense. Of course, the hearing and the pre-hearing filings required by the orders to show cause were designed to elicit that information, and to give the claimants the opportunity to explain what systems and procedures they may have in place to avoid filing time-barred claims. They did not take advantage of the opportunity and so there is nothing that could allow the court conclude that either claimant undertook any investigation into the obvious statute of limitations defense to the claims they each filed, much less a reasonable one. Filing those claims violated Rule 9011(b)(2).[3]

---

[3]The court is aware of published decisions that have declined to impose sanctions for filing time-barred claims. Yet, most of those decisions were not applying Rule 9011 or considering the filer's duty to make a reasonable inquiry. They were considering such things as whether § 105 or some other provision of the Bankruptcy Code created an independent cause of action against the filer or whether the claim was "false and fraudulent," which is much different from the reasonable inquiry Rule 9011(b) requires. See e.g., In re Keeler, 440 B.R. 354 (Bankr. E.D. Penn. 2009) (no action under § 105); In re McGregor, 398 B.R. 561 (Bankr. N.D. Miss. 2008) (no cause of action under the Bankruptcy Code); In re Simpson, 2008 WL216317 (Bankr. N.D. Ala. 2008) (§105); In re Varona, 388 B.R. 705 (Bankr. E.D. Vir. 2008) (claim must be false and fraudulent). The court knows of only one decision that considered the issue under Rule 9011, and it declined to impose sanctions. See, In re Andrews, 394 B.R. 384 (Bankr. E.D. N.C. 2008). It appears, however, that there the claimed violation of the rule was the failure to attach supporting documentation, not the failure to conduct a reasonable inquiry into an obvious affirmative defense. Coincidently, the rule change that court felt was needed, id. at 388, was made in 2012 and is now part of Bankruptcy Rule 3001(c)(3).

Whether or not the court imposes sanctions for violating Rule 9011, together with the nature of any sanction, is a matter committed to its discretion. Fed. R. Bankr. P. Rule 9011(c) ("the court may . . . impose an appropriate sanction"). Discretionary choices are not left to the court's inclination, but to its judgment, and that judgment should be guided by sound legal principles. Frantz, 836 F.2d at 1066. In an fashioning appropriate sanction, the primary goal should be deterrence; in other words, to avoid the "repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. Rule 9011(c)(2). See also, White, 908 F.2d 675 at; In re Rimsat, Ltd., 229 B.R. 914, 921 (Bankr. N.D. Ind. 1998), aff'd, 230 B.R. 362 (N.D. Ind. 1999), aff'd., 212 F.3d 1039 (7th Cir. 2000). Furthermore, in crafting that deterrent, the court believes it can consider how non-bankruptcy law addresses other misconduct by debt collectors. See, BMW of North America v. Gore, 517 U.S. 559, 583-84, 116 S.Ct 1589, 1603 (1996). The Fair Debt Collection Practices Act allows the recovery of actual damages, attorney fees and additional statutory damages up to $1,000 for violations of its requirements. 15 U.S.C. § 1692(k). That seems to be an appropriate place to begin.[4] Here, the court cannot award the debtor any damages or attorney fees because the sanctions inquiry was initiated by the court, not by a motion. So it is limited to fashioning some type of penalty payable to the court.[5] Fed. R. Bankr. P. Rule 9011(c)(2). A $1,000 fine should be large enough to get the attention of Jefferson Capital, Resurgent, and LVNV and deter them (and others) from similar misconduct in the future, and yet it is not so large as to be unduly

---

[4] The court has considered the Fair Debt Collection Practices Act only as a guide to the type of penalties Congress has fashioned for debt collectors. Whether the claimants' conduct violates that statute is not an issue in this case, which is solely concerned with the requirements of Rule 9011.

[5] Given that neither filer has paid attention to the other notices that have been served upon them, the court has no reason to believe that some kind of non-monetary sanction or admonition would suffice.

5

burdensome. Kapco Manufacturing Co., Inc. v. C & O Enterprises, Inc., 886 F.2d 1485, 1496 (7th Cir. 1989) ("A sanction without teeth may lack sufficient bite"). That number also reflects an appreciation of the system-wide burdens created by this type of misconduct – problems others have often been commented upon – as well as the time the court has had to devote to the Rule 9011 inquiry, and so should serve to deter others who may be similarly situated from repeating the same mistake. While the court recognizes that Rule 9011 requires the least severe sanction that is adequate to serve as an effective deterrent, Vollmer 248 F.3d at 710-11, it has no reason to believe that a lesser sanction would effectively deter either these claimants or others in their position.

    Appropriate orders will be entered.

                                                                       */s/ Robert E. Grant*
                                                  Chief Judge, United States Bankruptcy Court